THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEW COVENANT MISSIONARY BAPTIST CHURCH, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-cv-00359 |
| BROTHERHOOD MUTUAL INSURANCE COMPANY AND FRANCISCO RIVAS, | § § § § § | |
| *Defendants.* | § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Brotherhood Mutual Insurance Company ("Brotherhood Mutual" or "Defendant") hereby removes the action styled and numbered *New Covenant Missionary Baptist Church v. Brotherhood Mutual Insurance Company and Francisco Rivas*, Cause No. DC-24-00304, pending in the 193rd Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

## I.
## INTRODUCTION

1.  Plaintiff New Covenant Missionary Baptist Church ("New Covenant MBC" or "Plaintiff") commenced this lawsuit on January 8, 2024 by filing Plaintiff's Original Petition ("Petition") in the 193rd Judicial District Court of Dallas County, Texas, in a case styled *New Covenant Missionary Baptist Church v. Brotherhood Mutual Insurance Company and Francisco Rivas*, Cause No. DC-24-00304.

2. This lawsuit arises out of Plaintiff's claim for coverage under a property insurance policy issued by Brotherhood Mutual for physical damage allegedly sustained as the result of hail and/or a windstorm on or about March 1, 2023 (the "Claim").[1]

3. Plaintiff's Petition, which includes a jury demand, names Brotherhood Mutual and Francisco Rivas ("Rivas") as defendants in this action.

4. Rivas is not an insurer and is not a party to the commercial property insurance policy under which Plaintiff seeks coverage. Rivas is employed by Team Once Adjusting Services, LLC and acted as Brotherhood Mutual's independent adjuster with respect to the Claim at issue.

5. Brotherhood Mutual's registered agent for service was served with Plaintiff's Petition on January 16, 2023. BMIC thus files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

6. Defendant Rivas is an improperly joined party. Rivas's consent to removal is not required because Rivas *shall* be dismissed from this action pursuant to chapter 542A of the Texas Insurance Code, if he has not been already. However, to the extent necessary, Rivas consents to the removal of this action.

## II.
## BASIS FOR REMOVAL

7. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

8. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

---

[1] See Exhibit C-1 [Plaintiff's Original Petition] at ¶¶ 10-11.

A. **Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and BMIC.**

9. Plaintiff New Covenant MBC is a religious institution with its principal place of business in Dallas County, Texas.[2] Accordingly, Plaintiff is a citizen of the state of Texas for purposes of diversity of citizenship.

10. Defendant Brotherhood Mutual is an insurance carrier organized under the laws of the State of Indiana, with its principal place of business in Fort Wayne, Indiana. Consequently, Brotherhood Mutual is a citizen of the state of Indiana.

11. This Court may disregard Defendant Rivas' citizenship, because he is an improperly joined defendant whose liability Brotherhood Mutual has elected pursuant to Chapter 542A of the Texas Insurance Code.

12. New Covenant MBC's lawsuit is governed by Chapter 542A of the Texas Insurance Code, which applies to actions on first-party insurance claims arising from alleged damage to covered property caused by "forces of nature," such as the freeze event at issue in this Claim.[3] Under Chapter 542A, an insurer "may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant."[4] Whether the insurer makes such an election "before a claimant files an action" or "thereafter," the result is the same: "the court shall dismiss" the action against the agent with prejudice.[5] The differences between whether an insurer elects liability before suit is filed or after suit is filed are not material as long as the insurer elects to accept liability for the agent before

---

[2] *See* Plaintiff's Original Petition at ¶2.

[3] TEX. INS. CODE ANN. § 542A.001(2).

[4] TEX. INS. CODE ANN. § 542A.006(A).

[5] *Compare* TEX. INS. CODE § 542A.006(b) *with* § 542A.006(c).

removal.[6] In either event, the insurer "may not revoke, and a court may not nullify, [the] insurer's election."[7] The statute does not require the insurer's written notice of election to be made in any particular form, nor does it require the insurer to take any steps other than the election in order for the court to dismiss the action against the agent.[8]

13.  For purposes of this Notice of Removal, it is beyond dispute that Rivas is individually Brotherhood Mutual's "agent" as defined by section 542A.001(1) of the Texas Insurance Code.[9] Specifically, Rivas was retained by Brotherhood Mutual to act as its independent adjuster for the Claim.

14.  Pursuant to Texas Insurance Code Chapter 542A, New Covenant MBC submitted a pre-suit notice letter to BMIC on or about November 1, 2023. In responding to the letter, Brotherhood Mutual did not file an election at that time. However, Brotherhood did file a Notice of Election of Responsibility for Rivas in state court on February 12, 2024.  This election is unconditional and irrevocable pursuant to statute.[10] Under Insurance Code section 542A.006(c), the action against Rivas *shall* be dismissed with prejudice. Because Defendant BMIC provided Plaintiff with written notice of its election of legal responsibility under section 542A.006, Texas statute mandates that all causes of action asserted against its agent—Rivas—be dismissed with prejudice. Under the Fifth Circuit's ruling in *Advanced Indicator and Manufacturing, Inc. v.*

---

[6]  *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 475 (5th Cir. 2022) (holding that the voluntary-involuntary rule did not prohibit a defendant insurer's removal of an insured's action to federal court, following the insurer's post-suit election of liability of its "agent" under Texas Insurance Code chapter 542A).

[7]  TEX. INS. CODE § 542A.006(f).

[8]  *See generally* TEX. INS. CODE § 542A.006.

[9]  *See* TEX. INS. CODE ANN. § 542A.001(1) ("'Agent'" means an employee, agent, representative, or adjuster who performs any act on behalf of an insurer.")

[10]  TEX. INS. CODE §542A.006(e) & (f)

*Acadia Insurance Company*, Plaintiff had no possibility of recovery against Rivas at the time of removal, so his joinder in the lawsuit was improper and appropriately disregarded for diversity purposes.[11]

15. New Covenant MBC and Brotherhood Mutual are citizens of different states and Court may disregard Defendant Rivas' citizenship (as Rivas shall be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code), complete diversity of citizenship exists between New Covenant MBC and Brotherhood Mutual.

**B.   Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

16. Under § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." If it is facially apparent that New Covenant MBC's claims exceed the jurisdictional amount, BMIC's burden is satisfied.[12]

17. Here, Plaintiff's Original Petition states that it seeks monetary relief of at least $237,953.06.[13] It is therefore facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

18. Thus, the amount in controversy requirement is satisfied and this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

---

[11]   50 F.4th at 474-75.

[12]   *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[13]   *See* Plaintiff's Original Petition, at ¶¶ 23 and 24,.

## III.
## CONCLUSION

19. Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees), removal of this action is proper under 28 U.S.C. § 1332(a).

20. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Dallas County, Texas after Brotherhood Mutual's filing of this Notice.

21. As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

   (A) an index of all documents that clearly identifies each document and indicates the date the document was filed in state court; attached hereto as **Exhibit A**;

   (B) a copy of the docket sheet in the state court action; attached hereto as **Exhibit B**;

   (C) each document filed in the state court action, except discovery material (if filed on paper, each document must be individually tabbed and arranged in chronological order according to the state court file date; if filed by electronic means, each document must be filed as a separate attachment); attached hereto as **Exhibit C**; and

   (D) a separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e); attached hereto as **Exhibit D**.

22. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

23. For the foregoing reasons, Defendant Brotherhood Mutual Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

By: */s/ Eric K. Bowers*
    Eric K. Bowers
    Texas Bar No. 24045538
    ebowers@zellelaw.com
    Austin J. Taylor
    Texas Bar No. 24125862
    ataylor@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:     214-742-3000
Facsimile:      214-760-8994

**ATTORNEYS FOR DEFENDANT BROTHERHOOD MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on February 14, 2024, a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE as follows:

Clifford Nkeyasen
Texas Bar No. 24044876
Clifford@coveragedenied.com
**CLIFFORD K. NKEYASEN, PLLC**
4310 N. Central Expy, Suite 103
Dallas, Texas 75206
Telephone:     469-249-9271
**ATTORNEY FOR PLAINTIFF**

                        */s/ Eric K. Bowers*
                        Eric K. Bowers